# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ROBERT GARY MOORE, #402-576,     *

Plaintiff,     *

v.     *     Civil Action No. JKB-17-2788

WARDEN,     *

Defendant.     *

                   ***

## MEMORANDUM OPINION

       Self-represented Plaintiff Robert Gary Moore, presently incarcerated at the North BraNch Correctional Institution ("NBCI") in Cumberland, Maryland, brings this civil action pursuant to 42 U.S.C. § 1983 against Defendant Frank B. Bishop, Warden of NBCI. *See* ECF No. 1. Through the Complaint filed on September 18, 2017, and supplemented on October 19, 2017, and October 20, 2017, Moore alleges that Defendant is "forcing" him into a "dangerous and risky environment" in violation of his constitutional rights. *Id.*; ECF Nos. 4 & 6. He seeks $250,000 in monetary damages and requests that he be placed in protective custody. ECF No. 4, pp. 5 & 7.

       On February 14, 2018, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 14. Moore filed a response on February 28, 2018. ECF No. 16. After review of the record, exhibits, and applicable law, the Court deems a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). Defendant's Motion shall be construed as a Motion for Summary Judgment and shall be granted.

## Background

       Moore states that while housed at NBCI, he has refused to enter the general population

"due to the extreme violence." ECF No. 4, p. 1.[1] Specifically, he alleges that he is a "civilian amongst an infested prison of gang members that are likely to target him for his solo status." *Id.* at p. 5. Moore claims that, in response, the NBCI staff has placed him in disciplinary segregation for over seven months. *Id.* at p. 1. He alleges that the institution has responded this way because there is no specific prisoner threatening him. *Id.*

On August 21, 2017, Moore sought relief through the Administrative Remedy Procedure ("ARP"). ECF No. 4-1. In his ARP request, Moore alleged that there had been constant stabbings, assaults, and murders at NBCI since his incarceration. *Id.* at p. 3. According to Moore, the Defendant is aware of the serious crimes being committed. ECF No. 4 at p. 4. He thus sought to be placed in protective custody. ECF No. 4-1, p. 3. On August 28, 2017, Moore's ARP request was dismissed for procedural reasons, as inmates are not permitted to seek relief through ARP regarding Case Management recommendations and decisions.[2] *Id.*

Defendant notes that Moore has one verified enemy at NBCI, inmate Maurice B. Stewart. ECF No. 14-2. Both Moore and Stewart are housed in Housing Unit 1-C, which is a disciplinary segregation tier. *See* ECF No. 14-3. While housed on disciplinary segregation, inmates are separated from general population. *Id.* at ¶4. When a disciplinary segregation inmate is removed from his cell, he is handcuffed and escorted by an officer. *Id.* Further, when inmates on disciplinary segregation are enemies, correctional officers will not allow them to come into contact with one another even when they are being escorted. *Id.*

The American Correctional Association ("ACA") has accredited NBCI since January 23, 2017. ECF No. 14-5 at ¶3. An ACA audit was conducted from 2014-2017. *Id.* at ¶4.

---

[1] All citations to filings refer to the pagination assigned by the Court's electronic docketing system.
[2] In Moore's Supplemental Complaint filed on October 20, 2017, he included a copy of another ARP request, which was also dismissed for procedural reasons. ECF No. 6-1. That ARP request details a complaint related to medical care that appears to be unrelated to this action. *See id.* If Moore wishes to pursue that claim, he may file a separate action.

2

According to Defendant, an ACA audit involves assessments that cover issues and concerns that affect the quality of life at a facility such as staff training, adequacy of medical and mental health services, sanitation, use of segregation and detention, incidents of violence, crowding, offender activity levels, programs, and provision of basic services that may impact the life, safety, and health of inmates, as well as staff. *Id.* at ¶3. The ACA audit is a rigorous peer review process based on national standards. *Id.*

**Standard of Review**

**I.      Motion to Dismiss**

In reviewing a complaint in light of a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), unsupported legal conclusions, *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), and conclusional factual allegations devoid of any reference to actual events, do not suffice, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

**II.     Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The court reviewing the motion must abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (internal quotation marks omitted) (quoting former *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

**Analysis**

In his motion, Defendant seeks dismissal under Federal Rule of Civil Procedure 12(b)(6) or summary judgment under Rule 56. In support, Defendant argues that (1) Moore has not stated

a valid claim for failure to protect; (2) Defendant is not liable for any wrongdoing under § 1983; and (3) Defendant is entitled to qualified immunity. ECF No. 14-1.

I. **Defendant's Liability**

Liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Other than naming Defendant in the caption of the Complaint, Moore does not attribute any specific action or inaction on the Defendant's part that resulted in a constitutional violation. Simply stated, Moore's allegations fail to state a claim against Defendant.

Alternatively, Moore has failed to plead sufficient facts from which to discern Defendant's supervisory liability for his claim. The doctrine of *respondeat superior* does not apply in § 1983 claims. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under § 1983). Rather, liability of supervisory officials is "premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). As such, to establish supervisory liability under § 1983, a plaintiff must show that (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to the knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted). "A single act or isolated incidents are normally

insufficient to establish supervisory inaction upon which to predicate § 1983 liability." *Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (footnote and citations omitted).

Here, Moore has failed to demonstrate sufficient facts showing supervisory indifference to, or tacit authorization of, any misconduct by Defendant's subordinates. As will be discussed below, Moore has not shown that his constitutional rights were violated; thus, it follows that he has failed to demonstrate that Defendant authorized or was indifferent to any such violation. Moore's assertions do not demonstrate any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See id.* (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability, however, only in those situations in which there is a history of widespread abuse"). Thus, dismissal of the claims against Defendant is proper under this theory as well.

## II. Failure to Protect

To the extent that Moore alleges that Defendant failed to protect him from harm, in violation of his Eighth Amendment right to be free from cruel and unusual punishment, his claim fails. "The Eighth Amendment's prohibition on 'cruel and unusual punishments' imposes certain basic duties on prison officials." *Raynor v. Pugh*, 817 F.3d 123, 127 (4th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Those duties "include maintaining humane conditions of confinement, including the provision of adequate medical care and . . . 'reasonable measures to guarantee the safety of the inmates.'" *Id*. "[N]ot every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015) (citation omitted). A two-part inquiry that includes both an objective and a subjective component must be satisfied before liability is established. *Raynor*, 817 F.3d at 127.

Objectively, the prisoner "must establish a serious deprivation of his rights in the form of a serious or significant physical or emotional injury" or substantial risk to either injury. *Danser v. Stansberry*, 772 F.3d 340, 346 (4th Cir. 2014) (citation omitted). The objective inquiry requires this Court to "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. 25, 36 (1993). The subjective component requires a showing that the defendant had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer*, 511 U.S. at 834 (citations omitted). Evidence establishing a culpable state of mind requires actual knowledge of an excessive risk to the prisoner's safety or proof that prison officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm exists and that the inference was drawn. *Id*. at 837. A plaintiff may "prove an official's actual knowledge of a substantial risk in the usual ways including inference from circumstantial evidence" so that "a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Raynor*, 817 F.3d at 128 (citation omitted).

Here, Moore fails to satisfy both the objective and subjective inquiries. Moore has refused to enter the general population at NBCI and, therefore, he has been placed in disciplinary segregation. This alone does not violate contemporary standards of decency, especially in light of the fact that NBCI has been accredited by the ACA after a rigorous audit that involved assessments of issues that affect the quality of life at the facility.

In any event, even if the evidence were sufficient to satisfy the objective inquiry, Moore has not shown deliberate indifference to his health or safety to satisfy the subjective component. As Defendant notes, Moore has one verified enemy at NBCI. When Moore is outside of his cell,

7

he is handcuffed and escorted by an officer to ensure that he does not encounter his enemy. Based on this evidence, Moore fails to show that Defendant or NBCI staff had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety."

Accordingly, there is no genuine issue of material fact and summary judgment in favor of Defendant is appropriate.[3]

## Conclusion

The Court determines that no genuine issue as to any material fact is presented and Defendant is entitled to a judgment as a matter of law. Summary judgment shall be entered in favor of Defendant and the Complaint shall be denied and dismissed by separate Order.

Dated this 3rd day of July, 2018.

FOR THE COURT:

_____/s/_____
James K. Bredar
Chief Judge

---

[3] In light of the Court's rulings, an analysis of Defendant's qualified immunity argument is not necessary.